DEWAYNE HOPKINS
10592 FUQUA STREET
Suite A.
HOUSTON, TX 77089

571-337-4641

JUN 08 2018

David J. Bradley, Clerk of Court

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS

DEWAYNE HOPKINS

   Plaintiff,

vs.

CARVANA, BRIDGECREST CREDIT COMPANY

   Defendants.

)
)
) CASE NO. 18-32681
)
) CHAPTER 7
)
) ADV. Proc. No.
)
) ADVERSARY COMPLAINT TO DETERMINE
) VALIDITY, PRIORITY AND EXTENT OF LIENS,
) AND REQUEST FOR DECLARATORY
) JUDGMENT
)
)
)

COMES NOW, DEWAYNE HOPKINS, "Plaintiff", for their complaint against the Defendants, BRIDGECREST CREDIT COMPANY LLC, CARVANA LLC, and alleges as follows:

- 1 -

1. This is a core proceeding over which this court has jurisdiction under Title 28 U.S.C. § 157(B).

2. Plaintiff is the debtor in this chapter 7 case which was filed on 5/23/2018. Plaintiff seeks to have this Court determine the validity, priority and extent of any liens alleged by all Defendants, and further requests a declaratory judgment that none of the Defendants has a valid lien against the personal property located at 10592 Fuqua Street. ("2014 TOYOTA PRIUS V WHITE") which is owned by Plaintiff.

3. Plaintiff files this complaint pursuant to the provisions of *Federal Rule of Bankruptcy Procedure* § 7001, and files this request for a declaratory judgment pursuant to the provisions of *Federal Rule of Civil Procedure* § 57.

4. Defendants all allege that they have valid liens and/or secured claims against The Personal Property, an allegation which Plaintiff denies.

5. Plaintiff contends that none of the Defendants has a valid lien and/or secured claim against The Personal Property by virtue of the fact that:

[a] This debt has been assigned and transferred to Bridgecrest Credit Company, thru a separate third party agreement without plaintiffs knowledge or consent. Bridgecrest Credit Company is not a servicer of any loan.

[b]   **Trickery was used on plaintiff.** Assignment section was put at the very end of the Retail Installment Contract and Security Agreement and left blank intentionally to deceive plaintiff of third party agreement/involvement between CARVANA LLC, and BRIDGECREST CREDIT COMPANY, that plaintiff was never made aware of.

[c]   **Concealment.** Carvana LLC, went as far as to conceal the fact that they were going to abandon the Retail Installment Contract and Security Agreement and pursue performance thru a separate contract with BRIDGECREST CREDIT COMPANY.

[d]   **Lack of standing.** Carvana LLC lack standing to repossess due to the fact they sold and abandoned their interest in pursuit of a third party contract with BRIDGECREST CREDIT COMPANY.

[e]   Any of the Defendants which was the last holder of any promissory note and/or title could not acquire the rights of a holder in due course because the Defendants engaged in illegal and fraudulent acts that affect the instrument pursuant to *Commercial Code* § 3203(b), and

[f]   None of the Defendants can show its right of enforcement of any alleged promissory note securing the collateral by producing the original of said promissory note pursuant to *Commercial Code* § 3501(b)(2), nor can any Defendant show that it is the actual valid holder of said promissory note and thus entitled to enforce it pursuant to *Commercial Code* § 3301;

6. Because of the foregoing, none of the Defendants has a valid lien and/or secured claim against the Personal Property owned solely by Plaintiff nor do they have standing to file any claim, secured or otherwise against Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows

1. That the Court determine that none of the Defendants has a valid lien and/or secured claim against the Real Property located at and owned by Plaintiff.

2. That the Court issue a declaratory judgment that none of the Defendants has a valid lien and/or secured claim against the Real Property owned by Plaintiff located at 10592 Fuqua Street Houston TX. unknown location.

3. That all liens be released from debtors property and title to said property be released to defendant.

4. For such other and further relief as is just and proper.

Dated: 6/7/18                    [signature]